### G. G. ROGERS V. THE STATE.

No. 11557.   Delivered May 9, 1928.

**Receiving and Concealing Stolen Property—Evidence—Harmless, if Erroneously Admitted.**

Where, on a trial for receiving and concealing a stolen Ford coupe, the state was permitted to prove by an officer that he received a report that a Ford touring car belonging to a third party had been stolen. Appellant claiming that his connection with the car in question was innocent and his intent being in issue, testimony that the Ford car was stolen property was admissible, but if it were not, the matter was thereafter

fully testified to without objection, the error, if any, was cured by the subsequent testimony. See Underhill's Crim. Ev., 3rd Ed., p. 153; Davison v. State, 12 Tex. Crim. App. 215.

Appeal from the District Court of El Paso County. Tried below before the Hon. W. D. Howe, Judge.

Appeal from a conviction for receiving and concealing stolen property, penalty four years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Roy D. Jackson,* Assistant District Attorney of El Paso County, and *A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense receiving and concealing stolen property of over the value of $50.00, penalty four years in the penitentiary.

Witness P. Morales had a Ford coupe stolen about 8:30 o'clock p. m. from Washington Park, in the City of El Paso, in August, 1926. On or about September 7, 1926, this car was recovered by the officers of El Paso, and at the time of its recovery it had on it Ford touring car fenders, a different radiator, and no seat all. It was recovered at the house of one R. D. Callaghan. It was shown by Mrs. Callaghan that the car was brought to her place in August by Fernin Morales, who had theretofore rented a little shed room on the back of her house and seemed to be staying there a part of the time. She further testified that appellant showed up soon after the appearance of the car and ordered Fernin Morales to tear the car up; that the top was taken off of same and it was torn up. The appellant was around the car several times prior to his arrest and worked on the car, both alone and in company with others. Three or four days before his arrest, appellant and one Barton brought a Ford touring car one night to her house, which was shown to be a stolen car. She didn't see what they did to this Ford touring car, as she went to town, but when she got back, it was torn up. Appellant was arrested at the Callaghan home about 9:30 at night when he drove up in a stripped-down Ford. He claimed at the time of his arrest that he had bought the top of the Ford coupe in question to put on his said Ford. It was shown that the number on the Ford coupe in question had been removed and a new number stamped thereon, the new number being identical with the number on

the car which appellant was driving when arrested. It was also shown that the Ford touring car shown to have been stolen and brought in by appellant had, at the time of appellant's arrest, neither fenders nor radiator on it.

This is a brief summary of the state's evidence and we think all these facts and circumstances taken together were sufficient to go to the jury and to justify a verdict of guilty.

The court authorized an acquittal if the appellant's only connection with the automobile in question was to purchase the body thereof, even though it may have been stolen and he knew it was stolen. No objections were filed to the court's charge, and with the record in its present condition with no question raised regarding the submission of other issues which may have been raised by the evidence, the appellant is in no position to complain at the verdict under the evidence above quoted.

Complaint is made of the reception in evidence of a statement of an officer that he received a report that a Ford touring car belonging to a third party had been stolen. This was objected to only on the ground that it was irrelevant, immaterial and hearsay. The bill shows that the witness was permitted to testify that he did receive such a report. He further testified without objection that he recovered that car at the same time and place that he recovered the Ford coupe and that the Ford touring car was stolen on September 2, 1926. It is insisted that the testimony exhibited in the bill was proof of an extraneous offense. There was proof of circumstances tending to show that this Ford touring car had been torn down and some of its parts placed on the Ford coupe in question by appellant and others, and that such Ford touring car had been in possession of appellant. The appellant claiming that his connection with the car in question was innocent, and his intent being an issue, testimony that the Ford touring car was stolen property was admissible. Underhill's Crim. Ev. (3rd Ed.), p. 153; Davison v. State 12, Tex. Crim. App. 215; Branch's P. C., Sec. 166. The statement shown in the bill was perhaps admissible as preliminary to what followed, but if it were not, the matter was thereafter fully testified to without objection, and if there was any error in the admission of the evidence of the fact that he had received a report of a stolen car, such error was cured by the subsequent admission of testimony with reference to such stolen car without any objection from appellant.

Complaints as to arguments of the State's Attorney are without merit, we think. They were legitimate deductions from the

evidence and are not deemed to be of that importance which would justify an extended discussion.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.